# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>                Plaintiff,<br><br>          v.<br><br>J. BURNS, *et al.*,<br><br>                Defendants. | Case No. 1:18-cv-00311-EPG (PC)<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT;**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON THE COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER;**<br><br>**OR**<br><br>**(3) NOTIFY THE COURT THAT HE WISHES TO PROCEED ONLY ON THE CLAIMS AGAINST DEFENDANT J. HOLLAND FOR VIOLATION OF THE FIRST AMENDMENT FOR INTERFERENCE WITH MAIL AND RETALIATION**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Kareem J. Howell ("Plaintiff") is proceeding *pro se* and in *forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 5, 2018. (ECF No. 1). Plaintiff alleges that Defendants took away his walker, failed to provide medical care for a fall, failed to provide mental services for suicidal thoughts, destroyed his mail, and retaliated against him for filing a grievance.

1

The Court has screened the Complaint, and finds that it states claims under the First Amendment against Defendant J. Holland, but fails to state any other claims. The Court will provide Plaintiff with leave to amend the Complaint within thirty days if he believes that additional facts would establish additional claims with the assistance of the legal standards below. Plaintiff can also choose to go forward solely with his First Amendment claims against Defendant Holland. Plaintiff also has the option of stating that he wishes to stand on this Complaint, in which case the Court will issue Findings and Recommendations to the District Judge consistent with this order.

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v.*

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate at CSP-Corcoran ("Corcoran"). He names as defendants four correctional officers or sergeants, as well as the Warden at Corcoran. Plaintiff alleges he is suffering from bipolar disorder mixed with psychotic features. The absence of treatment puts Plaintiff in a substantial danger to himself and others.

On January 25, 2018, Plaintiff was illegally housed in an overflow Security Housing Unit. Defendant Lopez illegally plotted with another control booth officer to open Plaintiff's assigned crisis bed door and remove Plaintiff's medical walker from him. Plaintiff fell down during a struggle with the officer over the walker. The crisis bed cell door was closed, and Plaintiff was denied medical attention for his fall.

Institutional Protocol prohibits the opening of cell doors unless the inmate is in handcuff restraints. However, Plaintiff was not in handcuff restraints at the time his door was opened.

On the same day, January 25, 2018, Defendant Burns, the unit correctional sergeant/supervisor, came to Plaintiff's crisis bed cell door. Plaintiff told Defendant Burns that Defendant Lopez had taken Plaintiff's walker away and in the process Plaintiff was injured and requested medical attention. Defendant Burns gave plaintiff "a look of open contempt," and then denied that the officer did anything wrong. Plaintiff showed Defendant Burns his physical injuries, and was still denied medical treatment. Defendant Burns accused Plaintiff of being "a lying black N-----r." Plaintiff alleges that Defendant Burns was hoping to provoke a confrontation.

Plaintiff requested a complaint form to document the unnecessary use of force and denial of medical services, as well as the racial slur. Defendant Burns replied, "No, I'm not given you shit, so you can tell another f----n lie on me and my staff."

3

Plaintiff was escorted back to his assigned living cell at 1:45 that same day.

At 3:00 pm that day, Plaintiff was given an inmate complaint form by Correctional Officer L. Xiong.

At approximately 9:15 pm, Plaintiff gave Defendant J. Holland his grievance form. Defendant Holland stood in front of Plaintiff's cell, read the entire complaint, and ripped it into small pieces. Defendant Holland stated, "Stop being a little B---h, Sergeant Burns already briefed me on what happen earlier today. You're just going to make matters worse for yourself." Plaintiff told Defendant Holland that he would be included in the next grievance or in the court of law. Defendant Holland replied, "It'll have to be there because as it stands right now, you're on everyone's shit list as having nothing coming." He then picked up Plaintiff's personal and legal mail, withheld Plaintiff's legal mail, and ripped Plaintiff's personal letter from his mother into small pieces.

Later that evening, at approximately 9:45 pm, Plaintiff started to experience thoughts of suicide. He told Defendant Holland he needed to speak with someone from mental health services. Defendant Holland replied, "Oh, now you want something from me, well my telephones don't work for you." Plaintiff was denied mental health services.

The next morning, Plaintiff was placed on the nursing priority list to be seen. He reported to the escort correctional officers that he would like to attend his appointment. Defendant Burns cancelled his nursing/medical appointment.

Plaintiff asserts claims for unnecessary use of force, battery on an inmate, official misconduct, deliberate indifference to serious mental health needs, and retaliation and conspiracy to violate Plaintiff's First Amendment rights,.

### III. DISCUSSION

#### A. Section 1983 Liability

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). A plaintiff must present factual allegations against each individual defendant alleged to have violated his constitutional rights sufficient to state a plausible claim for relief and place each individual defendant on notice of the claim against them. *Iqbal,* 556 U.S. at 678–79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The allegations must link the actions or omissions of each named defendant to a violation of his rights. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir.2010); *Ewing v. City of Stockton,* 588 F.3d 1218, 1235 (9th Cir. 2009).

**B.     Deliberate Indifference to Serious Medical Needs**

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989)).

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (citation and internal quotation marks omitted). "A determination of 'deliberate

5

indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059 (9th Cir. 1991) (quoting *Estelle*, 429 U.S. at 104).

Plaintiff alleges that Defendant Lopez forcibly took his walker from Plaintiff's crisis bed. He also alleges that Plaintiff fell during an altercation with Defendant Lopez.

These allegations are not sufficient to state a violation of Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff does not explain why he had a serious medical need for the walker, as described in the legal standards above. If Plaintiff amends his complaint, he should explain why he had the walker, whether a doctor had prescribed it, and what serious medical issue he suffered without the walker.

Plaintiff also does not allege facts showing that Defendant Lopez acted with deliberate indifference as understood by the law described above. It is not clear why Defendant Lopez took away the walker and whether Defendant Lopez knew that Plaintiff had a serious medical need for the walker. If Plaintiff chooses to amend his complaint, he should explain why Defendant Lopez took the walker, anything Defendant Lopez said when he took it way, and why Plaintiff believes that Defendant Lopez knew that Plaintiff had a serious medical need for the walker.

Similarly, Plaintiff alleges that he fell and asked for medical care. But, he does not say what medical care he needed, how he was injured without the care, who denied him medical care, and whether that person knew that Plaintiff had a serious medical need for care as a result of his fall.

Plaintiff also alleges that Defendant Burns denied Plaintiff medical care after Plaintiff showed Defendant Burns his injuries. These facts are also not enough to state a claim for deliberate indifference to serious medical needs. Plaintiff does not say what his injuries were and what medical care he required. He does not say how he was injured by not having medical care. The Court notes that Plaintiff does allege sufficient facts to demonstrate that Defendant Burns was acting deliberately indifferent by using racial slurs and accusing him of lying. But this is not enough to show that Defendant Burns was choosing to ignore a serious medical need.

Plaintiff also alleges that he experiences thoughts of suicide and asked to speak with someone from mental health services, but was not allowed to see someone that night or the next day. Although suicide is very serious, these allegations are not enough alone to state a claim. Plaintiff says he told Defendant Holland he needed to speak with someone from mental health services, but does not say what he told Defendant Holland about why he needed to speak with someone. Moreover, Plaintiff did not receive care and yet did not hurt himself or suffer any injury. If Plaintiff chooses to amend his complaint, he should state why he believed that he had a serious medical need, including what he means by he "started to experience thoughts of suicide," what medical care he required, what he told Defendant Holland, and any information why Defendant Holland denied medical care.

Similarly, Plaintiff alleges that Defendant Burns cancelled his medical appointment the next day. Plaintiff does not say why he had a serious medical need for that appointment, what Defendant Burns knew, and why Defendant Burns cancelled his nursing appointment. If Plaintiff chooses to amend his complaint, he needs to describe why he had a serious medical need for the appointment and what Defendant Burns knew about that need.

### C. First Amendment Right to Send and Receive Mail

Prisoners have protected First Amendment interests in both sending and receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). "The decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 417 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401 (1989). Prison regulations or practices affecting a prisoner's receipt of non-legal mail implicate First Amendment rights and must be "reasonably related to legitimate penological interests." *Thornburgh*, 490 U.S. at 409 (quoting *Turner*, 482 U.S. at 89).

Plaintiff alleges that Defendant Holland ripped up Plaintiff's personal letter from his mother and also withheld Plaintiff's legal mail. Plaintiff has stated a claim for a violation of the First Amendment for interfering with Plaintiff's mail without a legitimate penological reason.

\\\

\\\

### D. Access to the Courts

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011).

Thus, there are two types of access to the courts claims: "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference." *Id.* The right to be free to litigate without active interference "forbids states from erecting barriers that impede the right of access of incarcerated persons." *Id.* (quotations and citations omitted). This right goes beyond the pleading stage. *Id*.

To show a violation of either type of right to access to the courts, an inmate must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F .2d 1166, 1171 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996). The injury requirement is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354–55. It is only satisfied if an inmate is denied access with regard to a direct appeal from their conviction, habeas petitions, or civil rights actions challenging the conditions of their confinement. *Id*.

Plaintiff alleges that Defendant Holland withheld his legal mail. This is not sufficient to state a claim for denial of access to the courts because Plaintiff does not allege what type of legal mail was withheld and whether it caused him actual injury in a case that concerned his direct appeal, a habeas petition, or civil rights action challenging the conditions of his confinement.

### E. Retaliation in Violation of the First Amendment

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). A plaintiff can allege retaliatory intent (factor three) by alleging a

chronological time line of events from which retaliation can be inferred. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

Plaintiff alleges that Defendant Holland ripped up a grievance, called him a derogatory name, and destroyed his mail after Plaintiff attempted to file a grievance. This conduct did not advance a legitimate correctional goal. Plaintiff has stated a First Amendment claim for retaliation as to Defendant Holland.

### F. Other Claims and Defendants

The Court does not find any other viable legal claims or defendants based on Plaintiff's Complaint. Plaintiff does not allege unconstitutional actions by Defendant Burns or Defendant Sexton, and Defendant Sexton's role as warden does not establish liability under a supervisory theory. Plaintiff has not alleged anyone used unnecessary force against him. "Official misconduct" is not a formal claim separate and apart from the constitutional claims cited above.

## IV. CONCLUSION AND ORDER

The Court finds that the Complaint states a viable claim against Defendant J. Holland for interference with the mail and retaliation in violation of the First Amendment. The Court does not find any other viable claims.

Plaintiff may now choose to file an amended complaint, go forward with the claims against J. Holland identified above, or stand on this Complaint subject to Findings and Recommendations to a District Judge.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty (30) days, if he chooses to do so.

An amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint (prisoner complaint) form;

2. Plaintiff may file a First Amended Complaint if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-0311-EPG;

4. Plaintiff may also choose to inform the court within **thirty (30) days** that he wishes to proceed only on the claims against Defendant J. Holland for interference with the mail and retaliation in violation of the First Amendment;

5. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on the Complaint, subject to this Court issuing findings and recommendations to the assigned district court judge consistent with this order; and

6. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on this complaint within **thirty (30) days** from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **March 22, 2018**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE