| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>J. BURNS, *et al*.,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00311-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIMS FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANT D. LOPEZ, FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANTS D. LOPEZ AND J. BURNS, AND FOR INTERFERENCE WITH THE MAIL AND RETALIATION IN VIOLATION OF THE FIRST AMENDMENT AGAINST DEFENDANT J. HOLLAND AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE**<br><br>(ECF No. 10)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

　　　　Kareem J. Howell ("Plaintiff") is proceeding *pro se* and in *forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 5, 2018. (ECF No. 1). On March 23, 2018, the Court screened the Complaint, and finding that it failed to state a claim upon which relief can be granted, directed Plaintiff to file an amended complaint. (ECF No. 9).

　　　　On April 25, 2018, Plaintiff filed a First Amended Complaint. (ECF No. 10). Plaintiff alleges that Defendants took away his walker, failed to provide medical care for a fall, failed to

provide mental services for suicidal thoughts, destroyed his mail, and retaliated against him for filing a grievance. *Id.*

For the reasons described below, the Court recommends allowing Plaintiff to proceed on his claims for excessive force in violation of the Eighth Amendment against Defendant D. Lopez, for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants D. Lopez and J. Burns, and for interference with the mail and retaliation in violation of the First Amendment against Defendant J. Holland.

Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service.

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740

(1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is an inmate at California State Prison-Corcoran. Plaintiff names as defendants Correctional Officers J. Burns, D. Lopez, and J. Holland.

Plaintiff alleges that he has been medically diagnosed with moderate to severe edema in both of his legs, ankles, and feet, and has a visible left knee injury. He was prescribed a walker because of the severe swelling in his lower extremities and because of the weakness in his left knee cap. He used the walker for over a year and is dependent upon it.

On January 25, 2018, Plaintiff was in a crisis bed cell. Defendant Lopez challenged Plaintiff to a physical fight, and told Plaintiff he would open the cell door and beat Plaintiff up. Defendant Lopez called Plaintiff weak and told Plaintiff that Plaintiff was handicapped for a reason. Defendant Lopez opened Plaintiff's cell door and grabbed Plaintiff's walker from Plaintiff's hand. Plaintiff attempted to hold onto the walker and the cell wall for support, but Defendant Lopez forcefully pulled the walker from Plaintiff's hand. Plaintiff's left knee gave away, and Plaintiff fell, injuring his left knee-cap and his right hand as he tried to catch himself. Defendant Lopez closed the door immediately and stood at the cell door laughing as Plaintiff struggled to his feet.

Plaintiff further alleges that Defendant Lopez had no reason to take away the walker other than to hurt Plaintiff, as Plaintiff was allowed to maintain a medical walker inside his cell. Also, Defendant Lopez had escorted Plaintiff to and from medical facilities previously, and was aware of Plaintiff's need for the walker.

Plaintiff also alleges that he asked Defendant Lopez to call medical staff to thoroughly check his knee-cap and right hand. Defendant Lopez shook his head and stated, "That's not going

to happen.  Now how your handicap a-- going to get around that cell and you can't walk without this thing." Plaintiff attempted to apologize to Defendant Lopez in exchange for his walker, but Defendant Lopez mocked Plaintiff by walking around with the walker and telling Plaintiff it was too late to be sorry. Plaintiff asked to speak to Defendant Lopez's supervisor, Correctional Officer J. Burns, and Defendant Lopez responded that Defendant Burns would take Defendant Lopez's side.

On the same day, Defendant Burns, the unit correctional sergeant/supervisor, came to Plaintiff's crisis bed cell door.  Plaintiff told Defendant Burns that Defendant Lopez had illegally opened Plaintiff's cell door and illegally taken Plaintiff's walker away by force, and in the process Plaintiff was injured and requested medical attention.  He showed Defendant Burns his bleeding left knee cap and swelling right wrist, and requested that Defendant Burns contact medical staff.  Defendant Burns gave plaintiff "a look of open contempt," denied that the officer did anything wrong, and denied Plaintiff medical treatment.  Defendant Burns then said, "You're a lying black n----r. For all I know you hurt yourself."

Plaintiff requested a grievance form to report defendants' conduct.  Defendant Burns replied, "No, I'm not given [sic] you shit, so you can tell another f----n [sic] lie on me and my staff."

Plaintiff was escorted back to his assigned living cell at 1:45 p.m. that day. At 3:00 p.m., Plaintiff requested and was given an inmate grievance form by another correctional officer. At approximately 9:15 p.m., Plaintiff gave Defendant J. Holland his grievance form.  Defendant Holland stood in front of Plaintiff's cell, read the entire complaint, and ripped it into small pieces. Defendant Holland stated, "Stop being a little B---h, Sergeant Burns already briefed me on what happen earlier today.  You're just going to make matters worse for yourself."  Plaintiff told Defendant Holland that he would be included in the next grievance or in the court of law. Defendant Holland replied, "It'll have to be there because as it stands right now, you're on everyone's shit list as having nothing coming."  He then picked up Plaintiff's personal and legal mail, withheld Plaintiff's legal mail, and ripped Plaintiff's personal letter from his mother into small pieces.

4

Later that evening, at approximately 9:45 p.m., Plaintiff started to experience overwhelming feelings of emotional distress and thoughts of suicide. He told Defendant Holland he needed to speak with someone from mental health services. Defendant Holland replied, "Oh, now you want something from me, well my telephones don't work for you." Plaintiff was denied mental health services. Plaintiff alleges that because of this denial of medical care, he was left in his cell, cut both of his wrists open, and had to tend to his own injuries.

The next morning at about 8:15 a.m., Plaintiff was seen by the on-duty "Psy-Tech", who was conducting her daily wellness rounds. Plaintiff reported to the Technician that he was not doing well and showed her his wrists, hand injury, and knee injury. Plaintiff was placed on the nursing priority list to be seen. At 9:30 a.m., an escort correctional officer came to Plaintiff's cell and confirmed that Plaintiff was to be seen by a nurse. Plaintiff reported that he would like to attend his appointment. Defendant Burns found out that Plaintiff had reported his injuries, and cancelled the nursing/medical appointment, calling out to Plaintiff, "Inmate Howell, cell 24, that medical appointment is not going to happen."

### III. DISCUSSION

#### A. Section 1983 Liability

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). A plaintiff must present factual allegations against each individual defendant alleged to have violated his constitutional rights sufficient to state a plausible claim for relief and place each individual defendant on notice of the claim against them. *Iqbal,* 556 U.S. at 678–79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir.

2009). The allegations must link the actions or omissions of each named defendant to a violation of his rights. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir.2010); *Ewing v. City of Stockton,* 588 F.3d 1218, 1235 (9th Cir. 2009).

Plaintiff does not state any allegations against Defendant Sexton. Accordingly, Plaintiff has failed to state a § 1983 claim against said defendant.

### B. Eighth Amendment Claim for Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7 (citing *Whitley v. Albers*, 475 U.S. 312 (1986)).

When determining whether the force was excessive, the court looks to the "extent of the injury suffered by an inmate . . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9 (citing *Whitley*, 475 U.S. at 327).

Plaintiff states a claim for excessive force in violation of the Eighth Amendment against Defendant D. Lopez. Plaintiff alleges that Defendant Lopez forcibly took away his walker for no reason other than to harm Plaintiff, causing Plaintiff to fall and sustain injury to his knee and hand. Plaintiff explains he had a serious medical need for the walker, due to edema and a weak left knee, and was dependent on the walker to ambulate. Accepting the allegations in the complaint as true, and viewing the allegations in Plaintiff's favor, Defendant Lopez's alleged

conduct does not appear to be a good-faith effort to maintain or restore discipline, but instead appears to be a malicious and sadistic use of force to cause harm. This finding merely allows this claim to proceed past the pleading stage, and does not consider any legitimate reasons the Defendant may have had for the use of force, or any other defenses Defendant may have.

## C. Eighth Amendment Claim for Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Plaintiff alleges he has been medically diagnosed with moderate to severe edema and a weak left knee, and he was prescribed and uses a walker because of these conditions. Defendant Lopez was aware of Plaintiff's need for the walker as Defendant Lopez has escorted Plaintiff to and from medical appointments. Defendant Lopez forcibly took the walker from Plaintiff.

These allegations are sufficient to state a claim of deliberate indifference to serious medical needs against Defendant Lopez for confiscation of the walker. Plaintiff explains that he had a medical need for the walker due to edema and a weak left knee, and depended on the medically prescribed walker to ambulate. Accepting the allegations as true, and viewing them in Plaintiff's favor, the First Amended Complaint thus plausibly alleges a claim for deliberate indifference to a serious medical needs against Defendant Lopez for confiscating the walker.

Plaintiff also alleges that Defendants Lopez and Burns acted with deliberate indifference in denying Plaintiff medical care. Plaintiff alleges that he fell, injuring his left knee-cap and his right hand, and asked Defendant Lopez for medical care. Defendant Lopez refused to seek medical care for Plaintiff. Plaintiff also alleges that he showed Defendant Burns his bleeding left knee and swelling right wrist, but Defendant Burns denied Plaintiff medical care. Plaintiff further alleges Defendant Burns, after finding out that Plaintiff had reported his injuries, cancelled the medical appointment. These allegations are sufficient to state a claim of deliberate indifference to serious medical needs. Accepting the allegations as true, and viewing them in Plaintiff's favor, the First Amended Complaint plausibly alleges a claim for deliberate indifference to a serious medical needs against Defendants Lopez and Burns for failing to seek medical care for Plaintiff.

Plaintiff also alleges that he experienced thoughts of suicide and asked Defendant Holland to speak with someone from mental health services, but was not allowed to see someone that night or the next day. Plaintiff alleges that because of being denied medical care for his suicidal thoughts, he cut both of his wrists. Although suicide is very serious, these allegations alone are not enough to state a claim. Plaintiff says he told Defendant Holland that he needed to speak with someone from mental health services, but does not say what he told Defendant Holland about why he needed to speak with someone. Even though Plaintiff did not receive care and allegedly hurt himself as a result, Plaintiff has not pled sufficient facts to indicate that Defendant Holland was aware of Plaintiff's serious medical need.

**D.     First Amendment Right to Send and Receive Mail**

Prisoners have protected First Amendment interests in both sending and receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). "The decision

to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 417 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401 (1989). Prison regulations or practices affecting a prisoner's receipt of non-legal mail implicate First Amendment rights and must be "reasonably related to legitimate penological interests." *Thornburgh*, 490 U.S. at 409 (quoting *Turner*, 482 U.S. at 89).

Plaintiff alleges that Defendant Holland ripped up Plaintiff's personal letter from his mother and withheld Plaintiff's legal mail. Plaintiff has stated a claim for a violation of the First Amendment for interfering with Plaintiff's mail without a legitimate penological reason.

### E. Access to the Courts

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011).

Thus, there are two types of access to the courts claims: "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference." *Id.* The right to be free to litigate without active interference "forbids states from erecting barriers that impede the right of access of incarcerated persons." *Id.* (quotations and citations omitted). This right goes beyond the pleading stage. *Id.*

To show a violation of either type of right to access to the courts, an inmate must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996). The injury requirement is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354–55. It is only satisfied if an inmate is denied access with regard to a direct appeal from their conviction, habeas petitions, or civil rights actions challenging the conditions of their confinement. *Id*.

Plaintiff alleges that Defendant Holland withheld his legal mail. This is not sufficient to state a claim for denial of access to the courts because Plaintiff does not allege what type of legal

9

mail was withheld and whether it caused him actual injury in a case that concerned his direct appeal, a habeas petition, or civil rights action challenging the conditions of his confinement.

### F. Retaliation in Violation of the First Amendment

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). A plaintiff can allege retaliatory intent (factor three) by alleging a chronological time line of events from which retaliation can be inferred. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

Plaintiff alleges that Defendant Holland ripped up a grievance, called him a derogatory name, and destroyed his mail after Plaintiff attempted to file a grievance. This conduct did not advance a legitimate correctional goal. Plaintiff has stated a First Amendment claim for retaliation as to Defendant Holland.

### IV. CONCLUSION AND RECOMMENDATION

The Court recommends allowing Plaintiff to proceed on his claims for excessive force in violation of the Eighth Amendment against Defendant D. Lopez, for deliberate indifference to serious medical need in violation of the Eighth Amendment against Defendants D. Lopez and J. Burns, and for interference with the mail and retaliation in violation of the First Amendment against Defendant J. Holland. The Court recommends that Defendant M. Sexton and all other claims be dismissed with prejudice.

The Court does not recommend granting further leave to amend because Plaintiff filed his First Amended Complaint after receiving ample legal guidance from the Court, and further leave to amend appears to be futile.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the

court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 21, 2018**　　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE