# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | Case No. 1:18-cv-00311-LJO-EPG (PC) |
| Plaintiff, | **ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE** |
| v. | |
| J. BURNS, *et al.*, | |
| Defendants. | |

Kareem J. Howell ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against J. Burns, D. Lopez, and J. Holland ("Defendants") on March 5, 2018. (ECF No. 1.) On April 25, 2018, Plaintiff filed a First Amended Complaint. (ECF No. 10.) This action now proceeds on Plaintiff's claims for excessive force in violation of the Eighth Amendment against Defendant D. Lopez, for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants D. Lopez and J. Burns, and for interference with the mail and retaliation in violation of the First Amendment against Defendant J. Holland. (ECF Nos. 11, 12.)

On February 20, 2019, the parties telephonically appeared for an initial scheduling conference. (ECF No. 33.) During the Conference, and with the benefit of the scheduling conference statements provided by the parties, the Court and the parties discussed relevant documents in this case and their possible locations. As discussed on the record at the conference, it is hereby ordered as follows:

1. Plaintiff shall provide initial disclosures to Defendants with the following information within **thirty (30) days** from the date of service of this order:

   a. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that Plaintiff may use to support his claims, unless the use would be solely for impeachment.

   b. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that Plaintiff has in his possession, custody, or control and may use to support his claims, unless the use would be solely for impeachment. Plaintiff may identify any such documents by referring to the exhibits to his motion for summary judgment (ECF No. 19).

2. In order to determine if Defendants may properly view Plaintiff's mental health records, the Court orders the following. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file with the court a supplemental submission stating whether he is seeking damages in this action for emotional distress, and if so, the nature of those damages.[1] If Plaintiff indicates that he is seeking damages in this action for emotional distress, within **fifteen (15) days** of the filing of Plaintiff's

---

[1] *Jaffee v. Redmond*, 518 U.S. 1, 15 n. 14 (1996) (holding that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure" under a psychotherapist-patient privilege and noting that "[l]ike other testimonial privileges, the patient may of course waive the protection"); *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 399 (E.D. Cal. 2009) ("Because the Supreme Court has not addressed the rule of waiver of the psychotherapist-patient privilege when a plaintiff brings forth claims based on emotional distress, two different approaches to the waiver have emerged since *Jaffee*. Under the broad approach, the psychotherapist-patient privilege is waived whenever the patient places his mental condition at issue. . . . Under the narrow approach, the psychotherapist-patient privilege is waived only if the patient places the contents of the communication itself at issue, which excludes raising a claim of emotional distress. . . ." (citations omitted)); *Curry v. United States*, No. 2:16-CV-2898-JAM-CMK, 2018 WL 347661, at *1 (E.D. Cal. Jan. 9, 2018) ("Under the narrower approach, courts have concluded that the privilege is waived only if the plaintiff places the contents of the communications at issue, which does not happen where the plaintiff claims only generic "garden variety" emotional distress damages. . . . 'Garden variety' emotional distress has been described in a number of ways, such as 'the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized;' 'the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel' given the defendant's conduct;' and general pain and suffering that is not serious enough to require psychological treatment or to disrupt or affect the claimant's life activities." (citing *Flowers v. Owens*, 274 F.R.D. [218, 225-226 (N.D. Ill. 2011))).

supplemental submission, Defendant shall file a response setting forth arguments as to whether Plaintiff has waived the psychotherapist-patient privilege.

3. Plaintiff shall provide Defendants with the 7219 Medical Injury Report related to the incident alleged in the operative complaint within **forty-five (45) days** of the date of service of this order.

4. Defendants shall provide Plaintiff with any use of force video, grievance or appeal documents, and documents from any investigation related to the incident alleged in the operative complaint within **forty-five (45) days** of the date of service of this order or submit those documents for *in camera* review. If Defendants claim the official information privilege, the Court will conduct an *in camera* review of the purported privileged documents. Defendants should provide any purported privileged documents to the Court with a memorandum describing why the documents are subject to the privilege and providing any proposed redactions within **forty-five (45) days** of the date of service of this order.

5. Defendants shall also prepare a proposed protective order and provide it to the Court within **forty-five (45) days**. Until the Court issues a protective order in this case, Defendants may only use Plaintiff's medical records in this action, and shall keep said documents confidential. Defendants may not use Plaintiff's mental health records unless the Court has determined that Plaintiff has waived the psychotherapist-patient privilege.

IT IS SO ORDERED.

Dated:  __February 26, 2019__          ____/s/ Erica P. Grosjean____
                                      UNITED STATES MAGISTRATE JUDGE

3