# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>J. BURNS, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00311-LJO-EPG (PC)<br><br>**ORDER DENYING MOTION FOR TEMPORARY ORDER OF PROTECTION**<br><br>(ECF No. 40) |

Kareem J. Howell ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against J. Burns, D. Lopez, and J. Holland ("Defendants") on March 5, 2018. (ECF No. 1.) On December 20, 2018, Plaintiff filed a motion for a temporary restraining order and for a preliminary injunction. (ECF No. 20.) On March 1, 2019, the parties filed a stipulation to dismiss this action with prejudice, (ECF No. 38), and on March 4, 2019, the Clerk of the Court closed this case, (ECF No. 39).

On March 7, 2019, Plaintiff filed a motion for a temporary protection order, (ECF No. 40), which is now before the Court. Plaintiff also filed a notice of voluntary dismissal, in which he requests a ruling on the application for a temporary restraining order and for a preliminary injunction. (ECF No. 41.)

Plaintiff's request for injunctive relief is now beyond the reach of the Court. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before

the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985). In addition, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

Plaintiff dismissed this action with prejudice on March 1, 2019. The parties did not request that the Court retain jurisdiction of this matter, and the Court did not agree to do so. Thus, the Court is divested of jurisdiction to resolve Plaintiff's motions for injunctive relief against any defendant. Moreover, Plaintiff is unable to establish that he is likely to succeed on the merits this action because he has already resolved the claims in this action. Accordingly, the motion for an order of protection, (ECF No. 40), is denied as moot.

This order does not preclude Plaintiff from filing a separate action if he believes his constitutional rights were violated. The Court does not take a position on whether such an action would be barred by res judicata or the terms of the settlement agreement.

IT IS SO ORDERED.

Dated: **March 15, 2019**          /s/ *Erin P. Gro[signature]*
                                   UNITED STATES MAGISTRATE JUDGE